UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X

JACKIE MIZRAHI,

                Plaintiff,

-against-

CITIBANK

                Defendant(s).

-----------------------------------------------------------------X

Civil Action No.:

**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**DEMAND FOR JURY TRIAL**

## INTRODUCTION/PRELIMINARY STATEMENT

Plaintiff JACKIE MIZRAHI ("Plaintiff"), by and through his attorney, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel, as and for his Complaint against the Defendant CITIBANK, (hereinafter referred to as Defendant(s), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227, commonly known as the Telephone Consumer Protection Act (TCPA).

2. Defendant is subject to, and required to abide by, the laws of the United States and the State of New York, which include the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, et seq. ("TCPA") and its related regulations, including 47 C.F.R.

§64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2).

## PARTIES

3. Plaintiff JACKIE MIZRAHI is a resident of the State of New Jersey, residing at 135 Daniel Drive, Lakewood, NJ 08701.

4. Defendant (s), CITIBANK, has a Corporate Headquarters located at 399 Park Avenue, New York, NY 10043.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331 and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. On or about August 2016, Defendant began communicating with the Plaintiff by placing auto dialed phone calls to the Plaintiff's cell phone numbers of 848-240-3136, 848-240-2656, 848-240-2674 and leaving messages.

9. On August 17th, 2016, based on these phone calls, the Plaintiff called into the Defendant, was connected with a female representative and gave her his social security number to access the account.

10. The representative asked for a telephone number since she could not locate the account with Plaintiff's social security number. The representative also asked for his name since it did not match the one on the account and asked the Plaintiff a few times if he knew an Annie.

11. The Plaintiff gave the representative all his phone numbers that he was receiving calls on. Then he asked for the name of the bank. He also stated the name on the account was his wife.

12. The representative informed him it was Citibank and it was in reference to his wife's Home Depot account that was currently past due.

13. The Plaintiff verified the address on the account and stated that he did not want any more auto dialed calls or texts to his cell phones in regards to his wife's account.

14. The representative asked which numbers he would like the calls to stop on and the Plaintiff stated all of them. The Plaintiff also stated that he already gave the representative his numbers.

15. The representative said she would take care of the phone calls and the Plaintiff took down some information on the account which concluded the call.

16. The Defendant continued to make calls to Plaintiff's phones even after the conclusion of the conversation with the Defendant's representative requesting to have the phone calls stop. From the start of the calls In August 2016 the Plaintiff has received at least 556 calls to his cell phones from Defendant.

## FIRST CAUSE OF ACTION
### *(Violations of the TCPA)*

17. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "16" herein with the same force and effect as if the same were set forth at length herein.

18. According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice--- (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States."

19. It has been determined that the statute language adding "or" any service for which the called party is charged, is not accurately interpreted to require that Plaintiff must claim that Defendant's calls incurred charges. See <u>Breslow c. Wells Fargo Bank, N.A.</u> 857 F. Supp 2d 1316, 1319 (S.D. Fla. 2012) and <u>Cavero v. Franklin Collection Serv., Inc.</u>, 2012 WL 279448 (S.D. Fla. 2012). A number of Courts have addressed the issue of a Plaintiff being charged with all agreeing that the TCPA does not require a Plaintiff who received calls on his/her *cell phone* to allege that he/she was charged for the call. For example, in <u>Manno v.Healthcare Revenue Recovery Grp., LLC</u>, 289 F.R.D. 674 (S.D. Fla. 2013), the Court held that "The TCPA does not require the plaintiff to be

`charged for' the calls in order to have standing to sue." In <u>Osorio v. State Farm Bank, F.S.B.</u>, 746 F.3d 1242 (11th Cir. 2014), the Court stated: If the phrase `any service for which the called party is charged for the call' requires that the party be charged per call for the `paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service' in order for the party to prohibit autodialed calls, then the listing of these services would be superfluous because they are already included under them 'any service for which the called party is charged.' On the other hand, reading `any service for which the called party is charged for the call' as an additional item beyond any call to a `paging service, cellular telephone service, specialized mobile radio service, or other common carrier service,' regardless of whether the called party is charged, gives independent meaning to each term."

20.  It is thus clear from the plain language of the TCPA, and its considerable body of resultant case law, that the TCPA is violated when a cellular telephone is called with an automatic dialer without consent, even if no charges are alleged or incurred.

21.  With the autodialed calls to Plaintiff's telephone commencing on or about August 2016 and continuing at a rate of approximately (556) times thereafter, the Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

22.  The Defendant, having been informed that Plaintiff requested that no further calls be received, willfully violated the TCPA at least (556) times.

23.  Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt

"…are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur." Pursuant to Paragraph 139, (3) and (7) "In light of these considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution:

3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

24. Defendant is in violation of the TCPA paragraphs 139 (3) for, upon information and belief, having used its calls for debt collection and (7), failing to honor Plaintiffs' desire to opt out of telephone communications despite Plaintiff's clear, unequivocal and repeated requests that such automatic calls cease.

25. Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

## DEMAND FOR TRIAL BY JURY

26. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

      A.     For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the TCPA.

      B.     A declaration that the Defendant's practices violated the TCPA;

      C.     For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:    April 20, 2017

Respectfully submitted,

*[signature: Edward B. Geller]*

Edward B. Geller, Esq.
Edward B. Geller, Esq., P.C., Of Counsel to
M. HARVEY REPHEN & ASSOCIATES, P.C.
15 Landing Way
Bronx, New York  10464
Tel:(914)473-6783

*Attorney for the Plaintiffs',*
JACKIE MIZRAHI

TO: CITIBANK
     399 PARK AVENUE
     NEW YORK , NY 10043

*(Via Prescribed Service)*

Clerk of the Court,
United States District Court, District of New Jersey
Clarkson S Fisher Building & U.S. Courthouse
402 East State Street Room 2020

Trenton, New Jersey 08608

(*Via Electronic Court Filing*)